IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-02547-RPM

DANIEL C. CADLE,

    Plaintiff,

v.

KERRY R. HICKS,
GLEN ALLEN DODGE,
J. D. KLEINKE,
PETER H. CHEESEBOROUGH,
LESLEY S. MATTHEWS, M.D.,
MARK PACALA,
JOHN QUATTRONE, and
HEALTH GRADES, INC., a Delaware corporation (nominal defendant),

    Defendants.

_____

ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES
_____

This civil action was initiated by a complaint, filed December 19, 2006, under diversity jurisdiction, by Daniel C. Cadle, derivatively as a shareholder of Health Grades, Inc. The complaint alleged claims under Fed.R.Civ.P. 23.1 to recoup assets alleged to have been wasted and converted by defendant Hicks as controlling shareholder of Health Grades, a publicly traded Delaware corporation. The other named defendants were alleged to be liable as officers and directors of the corporation.

On April 5, 2007, the Health Grades defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and 23.1 based on the insufficiency of the allegations of the

complaint. More specifically, the failure of the plaintiff to allege that he was a shareholder at the time of the complained of transactions and asserting that the plaintiff could not fairly and adequately represent the interests of other shareholders because he was motivated by personal animosity toward defendant Hicks. Defendant Cheeseborough joined in that motion.

After briefing, this Court held a hearing on June 5, 2007, at the conclusion of which the motion was granted by an oral ruling followed by an order of dismissal, entered the same day, dismissing the action pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff appealed. On June 19, 2007, the Health Grades defendants filed a motion for attorneys' fees seeking payment of $117,383.50 for fees in defending the action, based on a declaration of Michael S. McCarthy, one of the defendants' attorneys. After briefing was submitted, this Court on July 26, 2007, entered an order deferring ruling, pending disposition of the appeal.

The Tenth Circuit Court of Appeals by order and judgment entered on April 2, 2008, affirmed the dismissal because the plaintiff acquired his shares in Health Grades after the disputed transaction and therefore could not proceed under Rule 23.1. The appellate court also rejected the plaintiff's argument that the "continuing wrong" or "continuing harm" doctrine recognized in Delaware law is applicable. The Tenth Circuit noted that Cadle's purchase of shares after public disclosure of the indemnification decision provided at least constructive notice of the asserted wrongdoing and that Cadle was in litigation with Hicks for which the indemnification was provided by the corporation. Accordingly, this Court's refusal to permit an amended complaint was also affirmed.

The Health Grades defendants then filed a supplemental motion for attorneys' fees on April 16, 2008, seeking an additional $49,287.00 in fees incurred in connection with the appeal in this matter. The plaintiff responded and the defendants replied. The Tenth Circuit Court of Appeals issued its mandate on May 2, 2008.

The defendants seeks attorneys' fees in reliance on C.R.S. § 13-17-201, governing tort actions and C.R.S. § 13-17-102, permitting fees for defending claims that are without substantial justification. The fees sought relate to the extensive litigation which has involved Cadle, Hicks and Health Grades and the amount of the fees reflect services related to those other proceedings. The moving defendants seek to justify the extraordinary amount claimed as time necessary to understand the context of this civil action and the motivation of Cadle in filing it.

The Colorado statutes are not applicable. This case was dismissed based on the procedural requirements of Fed.R.Civ.P. 23.1(b)(1) and the substantive law of Delaware. Even if Colorado law were to be applied, the plaintiff's arguments to this Court and to the Tenth Circuit Court of Appeals were not frivolous, as recognized by the fact that Judge Lucero wrote an opinion discussing them at some length.

This Court recognized at the hearing on the motion to dismiss that the ongoing disputes between Cadle, his companies and Hicks may have motivated the acquisition of shares for the purpose of bringing this action as a derivative suit to further the apparent animosity but it is not appropriate to grant attorneys' fees on a motion to dismiss as a remedy for litigious conduct beyond this civil action. Additionally, this Court is not the appropriate forum for the award of attorneys' fees for the conduct of an appeal.

Upon the foregoing, it is

ORDERED that the defendants' motions for award of attorneys' fees and the Hick defendant's supplemental motion for attorneys' fees are denied.

DATED: June 19th, 2007

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge